UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANWAR JONES,                              )
                                          )
         Petitioner,                      )
v.                                        )    No. 1:08-cv-801-DFH-JMS
                                          )
MICHAEL LLOYD,                            )
                                          )
         Respondent.                      )

**Entry Discussing Petition for Writ of Habeas Corpus**

Indiana prisoner Anwar Jones ("Jones") seeks a writ of habeas corpus with respect to his conviction in 2006 for reckless homicide in an Indiana state court. However, because the pleadings and the expanded record do not establish Jones' entitlement to relief, his petition for a writ of habeas corpus must be **denied** and this action dismissed. This conclusion is based on the following facts and circumstances:

1.      Jones was convicted of reckless homicide in the Marion Superior Court. His conviction was affirmed on appeal in *Jones v. State,* No. 49A02-0609-CR-813 (Ind.Ct.App. June 15, 2007)(*Jones*). The facts and circumstances associated with the offense and with the prosecution and conviction are the following:

Following the shooting and death of Ricky Ayres on February 9, 2005, the State charged Jones with murder; pointing a firearm at another person, as a class D felony; and carrying a handgun without a license, a class A misdemeanor. The State filed the charges on February 15, 2005. A jury trial commenced on August 7, 2006. On August 8, 2006, Jones and the State filed a plea agreement, whereby Jones agreed to plead guilty to reckless homicide as a lesser-included offense of murder, and the State agreed to dismiss all the remaining charges. The plea agreement left sentencing within the trial court's discretion.

The trial court accepted the terms of the plea agreement and ordered a presentence investigation report ("PSI"). According to the PSI, Jones had the following juvenile adjudications: disorderly conduct in June of 1997; resisting law enforcement in November of 1997; and resisting law enforcement in November of 1999. The PSI also revealed that Jones had been arrested for and/or charged with the following: battery in 1997; battery,

> curfew violation, auto theft, resisting law enforcement, carrying a handgun without a license, and three separate incidents of disorderly conduct in 1999; criminal trespass and two incidents of possessing marijuana in 2001; pointing a firearm and possession of marijuana in 2002; and dealing in marijuana and possession of marijuana in 2004.
>
> The trial court held a sentencing hearing on August 23, 2006. Jones presented several mitigating circumstances for the trial court's consideration: 1) his guilty plea; 2) he was likely to respond affirmatively to probation and was unlikely to reoffend; 3) he had no prior felony convictions; 4) imprisonment would result in undue hardship to his family; and 5) he had the support of his family. The State presented the following aggravating circumstances: 1) Jones' criminal history; 2) that Jones had had "the benefit of probation and it's done nothing to stop his criminal history"; 3) the nature and circumstances of the crime; and 4) criminal activity despite family support.
>
> The trial court found "as aggravating circumstances the length of [Jones'] prior criminal history, including an escalating pattern of violence." The trial court found Jones' family support and obligations to be mitigating circumstances. Finding that the aggravators outweighed the mitigators, the trial court sentence Jones to eight years in the Department of Correction.

*Id.* In his direct appeal, Jones presented the following challenges: 1) the trial court used the wrong statute when imposing sentence; 2) the trial court mistakenly believed that Jones' sentence could not be suspended; 3) the trial court failed to require aggravating circumstances to be proved beyond a reasonable doubt and incorrectly weighed and balanced them against mitigating circumstances; and 4) Jones' sentence was inappropriate. In Jones' petition for transfer to the Indiana Supreme Court, he presented the following claims: 1) the aggravating factor of Jones' prior arrests was not found beyond a reasonable doubt; 2) the Court of Appeals improperly refused to consider Jones' age and guilty plea as mitigating factors; and 3) Jones' sentence was inappropriate.

2. Jones now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He may obtain such a writ if he establishes that he is in custody "in violation of the Constitution or laws . . . of the United States." *Id.;* see *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). The claims asserted here are the same included in his direct appeal to the Indiana Court of Appeals and to the Supreme Court of Indiana in his petition to transfer.

3. Review of Jones' habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004).

2

    a.    Under the AEDPA, a federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Julian v. Bartley,* 495 F.3d 487, 492 (7th Cir. 2007) (internal citations omitted). "In assessing the reasonableness of the state court's decision, the federal court assumes that the state courts' factual determinations are correct unless the defendant rebuts them with clear and convincing evidence." *Id.*

    b.    In *Williams v. Taylor*, 529 U.S. 362, 405 (2000), the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407.

    c.    To be considered "unreasonable," a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Goodman v. Bertrand,* 467 F.3d 1022, 1028 (7th Cir. 2006). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

    d.    Jones has not shown by clear and convincing evidence, nor by any evidence at all, that the factual findings of the Indiana courts are not correct. The findings of the state courts are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Jones under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations).

    4.    In addition to the substantive standard noted above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 541 U.S. 386, 388 (2004). Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.

3

*Badelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006)(internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner,* 375 F.3d at 649 (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

     5.    Jones' first habeas claims are that he was sentenced under the wrong statute and that the trial court incorrectly believed that the sentence could not be suspended.

     a.    Jones has committed procedural default with respect to these claims because he did not include them in his transfer petition to the Supreme Court of Indiana. See *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)(holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1), and that the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Hough v. Anderson,* 272 F.3d 878, 892- 93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

     b.    Jones has not shown either cause and prejudice for failing to include these claims in his transfer petition or that the failure to reach the merits of these claims would result in a fundamental miscarriage of justice.

     6.    Jones seeks habeas corpus relief based on the argument that the trial court did not rely on aggravating factors proven beyond a reasonable doubt. This claim, as with those specified and discussed in paragraph 5 of this Entry, was not included in Jones' transfer petition to the Supreme Court of Indiana and has been procedurally defaulted.

     7.    Jones also seeks habeas corpus relief based on the argument that his sentence was inappropriate "because this case presents neither the worst offense, nor the worst offender." The issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. Jones' challenge to the severity of his sentence in the circumstances of this case does not support federal habeas corpus relief. The AEDPA posits reference to "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and 28 U.S.C. § 2254(a) itself makes federal habeas relief contingent on a violation of "the Constitution or laws . . . of the United States." *See Rose vs. Hodges,* 423 U.S. 19, 21 (1975)("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). This by necessity

excludes alleged violations of state law from the scope of § 2254(a). *See Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 115 S. Ct. 1404 (1995); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 112 S. Ct. 475, 480 (1991)).

       8.     This court has carefully reviewed the state court record in light of Jones' claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Jones to relief in this case. Jones' petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

      So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 12/1/2008